UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

EDER DAVID BENITEZ a/k/a DAVID BENITEZ and
GERSON VENITES, on behalf of themselves and all
others similarly-situated,

        Plaintiffs,

    -against-

DEMCO OF RIVERDALE, LLC d/b/a PLANET
WINGS, and DEMCO OF OSSINING, LLC d/b/a
PLANET WINGS, and DEMCO OF WAPPINGERS
FALLS, LLC d/b/a PLANET WINGS, and PLANET
WINGS ENTERPRISES, INC., and PLANET WINGS
INC., and PLANET WINGS MANAGEMENT, INC.,
and DEMETRIO PETRIZZO, and FRANCO
FIDANZA, and PAULA FIDANZA, each in their
individual and professional capacities,

        Defendants.

————————————————————————x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**
**DATE FILED:** 6/15/15

No. 14 Civ. 7074 (CM)

## MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION OF THEIR FAIR LABOR STANDARDS ACT CLAIM

McMahon, J.:

    The named plaintiffs,[1] former employees of the defendants, commenced this suit

on September 2, 2014, claiming that Planet Wings, Inc., and various related persons and

corporate entities violated several provisions of the Fair Labor Standards Act ("FLSA"), 29

---

[1] The named plaintiffs are Eder David Benitez a/k/a David Benitez ("Benitez" or "Plaintiff Benitez") and Gerson Venites ("Venites" or "Plaintiff Venites") (together, collectively, as "Plaintiffs"). The defendants are Demco of Riverdale, LLC d/b/a Planet Wings, Demco of Ossining, LLC d/b/a Planet Wings, Demco of Wappingers Falls, LLC d/b/a Planet Wings, Planet Wings Enterprises, Inc., Planet Wings Inc., Planet Wings Management, Inc., (all businesses collectively and simply as "Planet Wings"), Demeterio Petrizzo ("Mr. Petrizzo"), Franco Fidanza ("Mr. Fidanza"), Paula Fidanza ("Ms. Fidanza") (in their individual and collective capacities as "Defendants").

1

U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL"), NYLL §§ 650-655, §§190-195, §663, and also for retaliation under NYLL §215. Before this court is plaintiffs' motion for certification of an opt-in class pursuant to 29 U.S.C. §216(b) for their wage and overtime claims under the Fair Labor Standards Act ("FLSA").

Specifically, plaintiffs move (1) for certification of their FLSA claims as a collective action pursuant to 29 U.S.C. §216(b); (2) for the authorization to send notice to all prospective members; (3) for an order directing defendant to furnish the names and last known addresses of all prospective opt-in plaintiffs; and (4) for an order designating Plaintiffs Benitez and Venites as representatives of the class and Borrelli & Associates, P.L.L.C. as class counsel.

For the reasons below, the plaintiffs' motion is granted.

## BACKGROUND

Plaintiffs are individuals who work and have worked at one of the locations owned by Defendants. Plaintiffs Benitez and Venites have been employed by Defendants since November 2011. Plaintiff Benitez's employment at Defendant Petrizzo's Riverdale location was terminated on or about April 17, 2014. Plaintiff Venites remains employed at Defendant Petrizzo's Ossining location. Plaintiffs allege that they are "cooks," non-exempt employees eligible for overtime. The plaintiffs insist that, over the course of several years, they were not paid the minimum wage or overtime while regularly required to work "at least sixty-five hours per week" (Cplt. at ¶¶ 46, 50). Plaintiffs additionally allege that defendants paid them a set wage per week, regardless of the fact that plaintiffs should have been classified as hourly employees, and regardless of the number of hours plaintiffs worked each week. (Cplt. at ¶¶ 47, 52). Plaintiffs claim that defendants treated all of their non-managerial employees in the same way. (Cplt. at ¶3).

2

Defendants claim Plaintiffs are Store Managers and exempt from the FLSA's overtime provisions (Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA; "Def. Motion"). Store Managers are paid on a salaried basis and are eligible for bonuses. (Petrizzo Decl. ¶10; Ex. B, C). According to the Declaration of Defendant Petrizzo, the duties of Store Managers include "ensuring non-hourly employees…were present and performing their duties and making sure they were following all department of health rules and regulations…address[ing] customer complaints…setting and controlling cooks' work schedules…[and] review[ing] new hire applications" (Petrizzo Decl. ¶¶19-20, 23). Plaintiffs allege that their primary duties "centered upon the preparation of food and beverages," making them more accurately classified as "cooks." Cplt. at ¶¶2, 42. I assume they so assert even if they have performed what Defendants describe as "managerial duties" during the course of their employment

Plaintiffs seek relief for alleged violations of the FLSA and the New York Labor Law. On March 27, 2015, plaintiffs were deemed to have moved for conditional certification of a FLSA § 216 class that consists of "current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them" (Cplt. at ¶20).

Plaintiffs' first cause of action alleges that defendants failed to pay any rate, much less the statutorily-required minimum wage of $5.85 per hour, for each hour worked in excess of forty hours per week, in violation of 29 U.S.C. § 206 of the FLSA and its implementing

3

regulations, and that they failed to pay overtime wages of one and one-half times their respective rates of pay in violation of 29 U.S.C. § 207 and its implementing regulation. Plaintiffs further allege that defendants' violations of the FLSA were "purposeful[]" and "willful[]" (Cplt. at ¶¶22-24). Pursuant to 29 U.S.C. § 216(b), plaintiffs seek unpaid wages, liquidated damages, and reasonable attorneys' fees. (Cplt. at ¶¶62, 63, 69, 70).

## DISCUSSION

### I. Standard

#### A. Overview of the FLSA

Plaintiffs ask this court to pre-certify these claims as a collective action under 29 U.S.C. § 216 and to authorize notice to prospective plaintiffs. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA consequently has a "broad remedial" purpose to protect workers. *Hoffmann v. Sbarro*, 982 F.Supp. 249, 262 (S.D.N.Y. 1997).

The FLSA requires employers to pay overtime for employment "in excess of [40 hours per week]...at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). It also requires employers to pay a minimum wage starting at $5.85 per hour. 29 U.S.C. § 206(b)(1)(A). It exempts certain employees from its overtime requirements, including "any employee employed in a bona fide executive, administrative or professional capacity...." 29 U.S.C. § 213(a)(1). To qualify for the exemption, the employee's primary duties must include the exercise of discretion and independent judgment in matters of "particular weight." 29 C.F.R. § 541. The Second Circuit has held that "because the FLSA is a remedial act," the exemptions must be "narrowly construed" and the employer bears

4

the burden of showing that the exemption applies to employees. *Hoffman,* 982 F. Supp. at 249

(quoting *Martin v. Malcolm Pirnie, Inc.,* 949 F.2d 611, 614 (2d Cir. 1991)).

§ 216(b) creates a private right of action to recover unpaid overtime compensation and

violations of the minimum wage. While § 216(b) neither requires nor provides for notice, it is

"well-settled" that district courts may authorize such notice. *Hoffmann,* 982 F.Supp at 261.

Orders authorizing notice often referred to as orders "certifying" a collective action, even though

the FLSA does not contain a certification requirement. *Lee v. ABC Carpet & Home*, 236 F.R.D,

193 (S.D.N.Y. 2006).

The FLSA collective action has three "essential features." *Lynch v. United Services Auto.*

*Ass'n*, 491 F.Supp.2d 357, 367 (S.D.N.Y. 2007). First, unlike in a Rule 23 class action, only

those plaintiffs who affirmatively "opt-in" to the lawsuit and become party plaintiffs can benefit

from the judgment or be bound by it. Thus, the FLSA collective action is less like a Rule 23

class action, and more like a permissive joinder, allowing all employees "similarly situated" to

join their cases in one action. *Lee*, 236 F.R.D. at 196. Second, the statute of limitations runs on

each employee's claim until his individual consent form is filed with the court. Finally, when

determining whether the action should proceed as a collective action, courts should take into

account the FLSA's "broad remedial purpose." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S.

165, 173 (1989); *Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363, 367 (S.D.N.Y. 2007);

*Hoffmann*, 982 F.Supp. at 261; *Braunstein v. Eastern Photographic Laboratories, Inc.,* 600 F.2d

335, 336 (2d Cir. 1978).

## B.    FLSA's Two Stage Certification Process

Federal district courts in New York generally follow a two-step process when deciding

whether class certification is proper. *Iglesias-Mendoza*, 239 F.R.D at 367. At the first stage,

which is called conditional certification, the threshold question for the court is whether the

plaintiffs have demonstrated that the potential class members are "similarly situated" to them. *Hoffmann*, 982 F.Supp at 261. If the courts find that the plaintiffs and potential plaintiffs are indeed "similarly situated" with respect to their job duties and/or employer policies, the court will "conditionally certify" the collective action. *Iglesias-Mendoza*, 239 F.R.D. at 367.

A second tier of analysis may take place after discovery if defendants move for decertification or move for certification of a Rule 23 class, so as to pursue claims under the NYLL. At this point, courts may undertake a "more stringent" factual inquiry into whether the members are similarly situated. *Iglesias-Mendoza*, 239 F.R.D. at 367. If the factual record reveals that the additional plaintiffs were not similarly situated to the original plaintiffs, the court will decertify the collective action and dismiss the claims of opt-in plaintiffs without prejudice. *Lee*, 236 F.R.D. at 197. A court also cannot certify a Rule 23 class for NYLL purposes without making a more stringent inquiry.

Because this is a motion for conditional certification as a FLSA class, the Court need only make a preliminary determination as to whether the plaintiffs are "similarly situated." Since courts retain the ability to reevaluate whether the plaintiffs are similarly situated at the second stage, the first stage determination is merely "preliminary" and "subject to reversal." *Lynch*, 491 F.Supp.2d at 368. Other courts have characterized the burden as a "fairly lenient standard" or a "minimal burden." *Iglesias-Mendoza*, 239 F.R.D. at 367; *Demassia v. Duane Reade*, 2006 WL 2853971 (Oct. 5th, 2006). Indeed, plaintiffs need only show that their positions are "similarly situated," rather than identical to the positions held by putative class members.

The FLSA does not define the term "similarly situated." *Hoffmanm*, 982 F.Supp. at 261; *Inglesias-Mendoza*, 239 F.R.D. at 367. In this Circuit, however, courts have held that plaintiffs can meet this burden by making a "modest factual showing" that establishes that they and

6

potential plaintiffs together were "victims of a common policy or plan that violated the law." *Hoffmann*, 982 F.Supp. at 261; *Realite v. Ark Rests. Corp.*, 7 F. Supp.2d 303, 306 (S.D.N.Y. 1998); *Kreuger v. New York Telephone*, 1993 WL 276058, *2; *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995). Plaintiffs satisfy this requirement by relying on their own pleadings, affidavits or declarations, or those of the other potential class members. *Raniere v. Citigroup*, 2011 WL 5881926 (S.D.N.Y. Nov. 22, 2011).

The court need not evaluate the merits of the plaintiffs' claims to determine if a "definable group" of "similarly situated" plaintiffs can exist. *Hoffmann*, 982 F.Supp. at 262. The leniency of this requirement follows from the remedial nature of the FLSA. "Even where later discovery proves the putative class members to be dissimilarly situated, notice…prior to full discovery is appropriate." *Schwed v. General Electric Co.* 159 F.R.D. 373, 375 (N.D.N.Y. 1995). This inquiry, at the "inception" of the suit is less stringent than the ultimate determination that the class is properly constituted. *Jackson*, 163 F.R.D. at 431. Indeed, even if the plaintiffs turn out not to be similarly situated, notice at this stage "may enable more efficient resolution of the underlying issues." *Kreuger* at *2. Thus, the "similarly situated" standard is far more permissive than class certification under Rule 23. Accordingly, "no showing of numerosity, typicality, commonality, and representativeness need be made." *Lewis v. Nat'l Fin. Sys., Inc.*, 2007 WL 245130, at *2 (E.D.N.Y. Aug. 23, 2007).

Yet while the standard is "lenient," certification is "not automatic." *Raniere*, 2011 WL 5881926 at *2. In making this showing, "Conclusory allegations are not enough." Wright, Miller, & Kane, 7B *Federal Practice and Procedure*, § 1807, at 490-91. At the preliminary notice stage, plaintiffs are still required to demonstrate a "factual nexus" that supports a finding

that potential plaintiffs were subject to a "common discriminatory scheme." *Hoffmann,* 982

F.Supp. at 261.

## II. Plaintiffs' Motion for Conditional Certification of an FLSA Collective Action is Granted

### A.    Plaintiffs Have Preliminarily Shown They are Similarly Situated to Potential Class Members

At this preliminary certification stage, plaintiffs have satisfied their minimal burden of

showing that they are "similarly situated" to the proposed class members. All of the proposed

class members are current or former employees of the defendants' Planet Wings establishments

(Cplt. at ¶20). In their declarations, the named plaintiffs say that they were not paid overtime for

their work in excess of forty hours and that they were not paid minimum wage for the first forty

hours they worked.  They additionally allege that defendants did not pay other "cooks" minimum

wage or overtime and that they are personally familiar with the fact that other "cooks" worked

more than forty hours. Plaintiffs have alleged that defendants subjected them and others

employed as "cooks" to a common discriminatory scheme and class certification is virtually

mandated under *Hoffman*.

Defendants argue that the named plaintiffs are not "similarly situated" to the proposed

members of the class because they aren't cooks, but managers who were paid on a salaried basis

and eligible for benefits. Because plaintiffs have "duties and responsibilities...specifically not

given to non-exempt hourly workers," defendants contend that plaintiffs cannot allege a common

practice or policy with respect to the kitchen staff and cooks at defendants' Planet Wings

establishments at Ossining and Riverdale (Def. Motion at 6).  Defendants contend that plaintiffs

have failed to show "any factual nexus between plaintiffs and the non-exempt hourly cooks"

(Def. Motion at 4).

8

Defendants, however, mistake plaintiffs' burden at this early stage. At the first stage of conditional certification, "weighing of the merits is absolutely inappropriate." *Lynch*, 491 F. Supp. 2d at 368. The plaintiffs, in reliance on the pleadings and their declarations, have satisfied the "modest factual showing" required. *Hoffmann*, 982 F.Supp. at 261. They not only demonstrate that they were victims of the practice of receiving no pay for all hours worked in excess of forty, let alone time and a half, but also that this practice was common to the establishments of Ossining, Riverdale and Wappingers Falls (Cplt. at ¶¶47, 52; Benitez Decl. ¶3). By alleging that they were together the "victims of a common policy or plan that violated the law," plaintiffs have met their minimal burden. *Realite,* 7 F. Supp.2d at 306; *Hoffmann,* 982 F.Supp. at 261; *Jackson*, 163 F.R.D. at 431; *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp 2d 101 at 104 (S.D.N.Y. 2003). It is for another day to decide whether named plaintiffs really were "cooks" or were managers.

Defendants allege that class certification is improper since the responsibilities of the employees may differ and require additional investigation, which defeats the FLSA's goal of "efficient adjudication of similar claims." *Lynch,* 491 F. Supp. 2d at 367. Defendants rely on *Diaz v. Elec. Boutique of Am., Inc.,* 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005), but *Diaz* is "against the weight of authority." *Francis v. A & E Stores, Inc.,* 2008 WL 4619858 at *3. Rather, the courts in this district, including this one, have suggested that this level of evaluation proceeds at the second phase of analysis. *Pippin v. KPMG LLP*, 2012 WL 19379 at *12 (S.D.N.Y. Jan. 3, 2012).

As in *Demassia*, "much of the problem with defendant's attack on the plaintiff's factual showing is that the defendant focuses on the alleged differences among plaintiffs…that have little, if anything to do with whether plaintiffs are situated '*with respect to their allegations that*

9

*the law has been violated.*'" 2006 WL 2853971, at *6 (quoting *Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005). There is a clear dispute of fact between the parties with respect to whether the plaintiffs are misclassified as exempt employees. Yet, as plaintiffs rightly note, "to balance the parties' competing affidavits at this stage would require the Court to determine the facts...and resolve legal contentions, all of which the conditional certification and potential later decertification process is structured so as to avoid." *Pippins,* 2012 WL 19379 at *12.

Whether this will remain a collective action must abide the completion of discovery. However the court is not "obliged to wait for the conclusion of discovery" before conditionally certifying a collective action. *Iglesias-Mendoza,* 239 F.R.D at 368 (citing *Schwed,* 159 F.R.D. at 375). If the process of discovery reveals that the named plaintiffs are not "similarly situated" to the kitchen staff, the court may then decertify the class as needed and dismiss the claims of opt-in plaintiffs without prejudice. *Lee,* 236 F.R.D. at 197; *Lynch,* 491 F.Supp.2d at 368; *Cunningham v. Electronic Data Systems Copr.,* 754 F.Supp.2d 638, 645 (S.D.N.Y. 2010). At this preliminary stage, however, the plaintiffs' request for conditional certification of their FLSA class action pursuant to 29 U.S.C. § 216(b) is granted.

## CONCLUSION

For the foregoing reasons, conditional class certification is granted. The Clerk of the Court is directed to remove all motions and letter motions filed before May 25, 2015.

10

Dated: June 15, 2015

_____
U.S.D.J.

BY ECF TO ALL COUNSEL